UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDREW HERR | * | CIVIL ACTION |
| VERSUS | * | NO. 25-387 |
| ELOS ENVIRONMENTAL, LLC, ET AL. | * | SECTION "T" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Andrew Herr's Motion to Compel and for Sanctions and Motion for Leave to File Supplemental Rule 37(a)(1) certificate. ECF Nos. 18, 25. Defendants Elos Environmental, LLC and Aventia Holdings, LLC filed a Memorandum in Opposition to the Motion to Compel, and Plaintiff filed a Reply Memorandum. ECF Nos. 23, 24. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel and for Sanctions is DENIED WITHOUT PREJUDICE for the reasons stated herein and the Motion for Leave to File Supplemental Rule 37 Certificate is GRANTED.

## I. BACKGROUND

Plaintiff filed this *pro se* lawsuit alleging violations of the Fair Labor Standards Act. ECF Nos. 1, 15. After being hired as a geologist on January 6, 2025, Plaintiff alleges that he was misclassified, and his hours worked were improperly recorded. ECF No. 15 ¶¶ 1-4. Plaintiff alleges that he was terminated from his position on February 12, 2025, in retaliation for inquiring about FLSA violations. *Id.* ¶¶ 7-9.

Plaintiff issued discovery to Defendants on June 11, 2025. ECF No. 18-5. Defendants timely responded on July 11, 2025. ECF No. 23-1. Plaintiff now moves that Defendants be

1

ordered to supplement their deficient responses and be sanctioned, pursuant to Rules 11, 26, and 37 and the court's inherent powers, for fabricating evidence, acting in bad faith in discovery and for a "pattern of falsehoods, obstruction, and bad faith." ECF No. 18 at 1; No. 18-2 at 1, 10. Plaintiff asserts that Defendants have fabricated evidence by falsely asserting that Plaintiff arrived late to a job site at Lakeside Mall, that Plaintiff made disparaging comments about third-party employees, and that Plaintiff failed to follow instructions. ECF No. 18-2 at 2-5. Plaintiff also asserts that Defendants have mischaracterized the factual record, distorted Plaintiff's conduct, and concealed relevant context regarding Plaintiff's attendance and budget overruns. *Id.* at 5-6. Plaintiff also contends that Defendants falsely denied multiple requests for admission and submitted responses with evasive objections and responses. *Id.* at 6-10.

In Opposition, Defendants argue that Plaintiff did not properly meet and confer in good faith, as required by Rule 37, before filing this motion, and the parties' fact disputes and differing interpretation of events and documents are insufficient to support a motion to compel. ECF No. 23 at 1-4. Defendants argue that Plaintiff is improperly attempting to use a discovery motion to argue the merits of his claim. *Id.* at 4-5. Defendants also assert that they have no objection to producing responsive documents but simply required the issuance of a protective order to prohibit the use or disclosure of confidential information, which has now been entered. *Id.* at 5-6; *see* ECF No. 21. Defendants assert that their objections and responses to Request for Admission Nos. 3 and 20-26, Request for Production No. 8, and Interrogatory Nos. 6, 10 are proper. *Id.* at 6-9. Defendants conclude by asserting that sanctions are not proper under Rule 11, and Plaintiff has no basis for sanctions under either Rule 37 or the court's inherent powers. *Id.* at 9-10.

In Reply, Plaintiff asserts that Defendants' responses are contradicted by objective documentary evidence, and as such, the proper subject of a motion to compel. ECF No. 24 at 1,

2

4-6. He further argues that, contrary to Defendants' position, the requests are relevant. *Id.* at 6-8. Plaintiff also asserts that he substantially complied with Rule 37's meet and confer obligation, and this motion is not an improper effort to litigate the merits. *Id.* at 2-4. Plaintiff concludes with his assertion that sanctions are appropriate. *Id.* at 8-10.

## II.     IMPROPER CITATIONS

Before addressing Plaintiff's motion to compel, the Court questions certain authorities cited by Plaintiff in his filings. For instance, in his Reply Memorandum, Plaintiff writes: "When documentary evidence objectively contradicts sworn discovery responses, courts have both the authority and obligation to address such fabrications. See Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 504 (4th Cir. 1977) (discovery sanctions appropriate for "clearly contradicted" sworn testimony)." *Id.* at 4-5. While the *Wilson* case addressed the impropriety of entering a default judgment based on failure to comply with an oral discovery order, nowhere in that case does the court discuss "clearly contradicted" sworn testimony.

Likewise, Plaintiff cites "Precision Specialty Prods., Inc. v. Douglas Labs. Corp., No. 12-CV-6437, 2015 WL 1515505, at *8 (E.D. Pa. Mar. 31, 2015) (sanctions warranted where party made "knowingly false statements" in discovery responses)." *Id.* at 5-6.  This citation, however, appears to be an Artificial Intelligence ("AI") hallucination. Entering the citation of 2015 WL 1515505 into Westlaw retrieves an SEC filing, not a decision by the Eastern District of Pennsylvania. And no documents are found when searching Westlaw's All Federal database for a case entitled "Precision Specialty Prods., Inc. v. Douglas Labs. Corp." Moreover, according to the Eastern District of Pennsylvania's CM/ECF systems, the case under docket no. 12-6437 is entitled "Jerry Sipe v. Trans Union LLC and Equifax Information Services, LLC."

Similarly, there is no Fifth Circuit case entitled "Olivarez v. Stephens," reported at 646 F. App'x 328 (5th Cir. 2016), as Plaintiff asserts. *Id.* at 9. Although there is a case reported at 646 F. App'x 328, it is a 2016 Fourth (not Fifth) Circuit decision entitled "Robert Steven Visintine v. Kenny Atkinson, Warden," and that case does not address any discovery issue whatsoever.

Given the relative novelty of AI, Plaintiff may not be aware of the risk that AI programs can generate fake case citations and other legal misstatements. Rather than issue sanctions against this *pro se* litigant at this time, the Court opts to provide this written warning.[1] Now that Plaintiff is aware the risks of using AI-generated legal filings, he is on notice that he may be subject to sanctions should he cite fake, AI-generated legal authority again.

## III. APPLICABLE LAW

### A. Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes the parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less

---

[1] *See, e.g.*, *Dukuray v. Experian Info. Sols.*, No. 23-9043, 2024 WL 3812259, at *11–12 (S.D.N.Y. July 26, 2024), *R.&R. adopted*, 2024 WL 3936347 (S.D.N.Y. Aug. 26, 2024); *Anonymous v. N.Y.C. Dep't of Educ.*, No. 24-4232, 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024); *Transamerica Life Ins. Co. v. Williams*, No. 24-379, 2024 WL 4108005, at *2 n.3 (D. Ariz. Sept. 6, 2024).

burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).[2]

The relevancy evaluation necessarily begins with an examination of the pending claims and defenses.[3] The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[4] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial. Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[5] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[6] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[7] If relevance is in doubt, the court should be permissive in allowing discovery.[8]

Whether a party will ultimately prevail is not the test for determining if it is entitled to discovery because discovery motions cannot be used to obtain dispositive rulings depriving a party of discovery concerning a claim it seeks to present at trial.[9] Indeed, the court does not determine

---

[2] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[3] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).
[4] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[5] *Id.* at 590 n.5 (citation and quotations omitted).
[6] *Id*. 590 (citations omitted).
[7] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[8] *E.E.O.C. v. Simply Storage Mgmt., L.L.C*., 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc*., 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).
[9] *Puradigm, LLC v. DBG Grp. Invs., LLC*, No. 23-216, 2023 WL 6883656, at *8 (N.D. Tex. Oct. 18, 2023) (citing *Cagle v. United Surgical Partners Int'l Inc*., No. 20-1681, 2021 WL 3710565, at *7 (N.D. Tex. Aug. 18, 2021)); *see also Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp., LLC*, No. 20-2814, 2021 WL 4319673, at *1 (N.D. Tex. Sept. 23, 2021) (noting that a party is not be excused from responding to discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail at trial).

the merits of the case in the context of a discovery dispute. Rather, the issue in context of a discovery dispute is whether the evidence sought falls within the scope of discovery (i.e., is relevant to any claim or defense), not whether one party's legal position prevails over another; that is a merits issue determined in the context of trial or dispositive motion.[10]

### B. Duties in Responding to Discovery

#### 1. Full and Complete Interrogatory Responses

Discovery by interrogatory "requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive."[11] The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[12] Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[13]

Rule 33 requires a party to pull together complete answers by "reviewing all sources of responsive information reasonably available to [it] and providing the responsive, relevant facts reasonably available."[14] Thus, while a party is not required to make an extensive investigation in responding to an interrogatory, the party must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[15]

---

[10] *See Chevron TCI, Inc. v. Cap. House Hotel Manager, LLC*, No. 18-776, 2019 WL 5697176, at *8 (M.D. La. Nov. 4, 2019).
[11] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977).
[12] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).
[13] *Id.* (quoting *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B Wright, Miller & Marcus, Federal Practice and Procedure § 2177 (3d ed. 2010))).
[14] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018) (citation omitted).
[15] *Areizaga*, 314 F.R.D. at 437 (citing 8B Wright, Miller & Marcus, Fed. Prac. & Proc. § 2174 (3d ed. 2013)).

Interrogatories must be answered separately, in writing and under oath. FED. R. CIV. P. 33(b)(3). Verified interrogatory responses have evidentiary value. *Id.* at 33(c). "[I]nterrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay (FED. R. EVID. 801(d)(2)), than an answer to an interrogatory."[16] Interrogatory responses that are not signed under oath as required are not admissible as evidence to establish lying under oath (or for any other purpose).[17]

### 2. Responses to Requests for Production

Rule 34 authorizes a party to request another party to produce documents or items within that party's possession, custody or control. FED. R. CIV. P. 34(a)(1). The request must describe each item or category of items with "reasonable particularity." *Id.* at 34(b)(1)(A). The party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[18]

The responding party must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control. FED. R. CIV. P. 34(a)(1). A party has "control" over documents or materials that it has the legal right or practical ability to obtain even though it has no copy and

---

[16] *Melius v. Nat'l Indian Gaming Comm'n*, No. 98–2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000); *accord. Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008).
[17] *Wagner v. Boh Bros. Constr. Co.*, No. 11-2030, 2012 WL 3637392, at *4 (E.D. La. Aug. 22, 2012) (collecting cases).
[18] *Lopez*, 327 F.R.D. at 580 (citation omitted).

even if the documents are owned or possessed by a nonparty.[19]  Thus, "possession, custody, and control" does not simply contemplate physical and actual possession, but rather whether the responding party could come into possession of the requested document.[20]

A party responding to a Rule 34 request must either produce documents "as they are kept in the usual course of business" or "must organize and label them to correspond to the categories in the request."  FED. R. CIV. P. 34(b)(2)(E)(i).  Regardless of which option is taken, Rule 34 requires the producing party to turn over the documents "in an organized, comprehensible arrangement—either by specifically indexing each document to the request to which it was responsive, or, failing that, by turning over the documents with the business's filing system or other organizational structure still intact and useable by the requesting party."[21]  A party cannot invoke Rule 34's "usual course of business exception" if that party's record-keeping system is "so deficient as to undermine the usefulness of the production."[22]

Of course, the court cannot compel a party to produce documents that do not exist.[23]  And a party's mere disbelief or disagreement with a response is not a recognized ground for compelling

---

[19] *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).
[20] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).
[21] *United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2015 WL 13529562, at *3 (E.D. La. Apr. 13, 2015) (Vance, J.) (quoting *Anderson Living Tr. v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 522 (D.N.M. 2014); and citing *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 411 (S.D.N.Y. 2009) ("The key to this dichotomy is the assumption that in either case the documents will be organized . . . .")).
[22] *Id*. (quoting *Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 700 (S.D. Fla. 2010) (citing *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 336 n.2 (N.D.N.Y. 2008)); *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091, 2009 WL 291160, at *2 (S.D. Fla. Feb. 5, 2009) (holding that party exercising option to produce records as kept in the usual course of business must organize them in a manner that enables the requesting party to obtain, with reasonable effort, the documents responsive to their requests).
[23] *Butler v. La. Dep't of Pub. Safety & Corr.*, No. 12-420, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *accord. Payne v. Forest River, Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (same); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) (same).

discovery, "absent some indication beyond mere suspicion that the response is incomplete or incorrect"; nor is a requesting party's belief, without evidence, that the responding party's production is not complete grounds for compelling production.[24]

Control of discovery is committed to the sound discretion of the trial court.[25] If a court has concerns about the reasonableness of a party's efforts in responding to discovery, the court may require the party to certify the manner and completeness of its production.[26] Thus, when a party or counsel represents that documents do not exist, the court may require a certification or "confirm[ation]" that the discovery at issue does not exist.[27] If the other party has or acquires evidence that the response is incomplete or that the affidavit or representation is false, then other remedies may be sought by motion.[28]

### 3. Objections Must be Stated with Specificity

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively

---

[24] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (cleaned up).
[25] *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009).
[26] *See, e.g.*, *Ramirez v. Cnty. of Marin*, No. 10-2889, 2011 WL 1522347, at *1 (N.D. Cal. Apr. 20, 2011) ("This order sets a deadline for Finnegan to certify completion of his document production . . . ."); *Who Dat Yat Chat, LLC v. Who Dat, Inc*., No. 10-3333, 2011 WL 4018320, at *4 (E.D. La. Sept. 9, 2011) (ordering "a written certification" regarding the efforts made "to identify and extract" responsive electronically stored information); *Gibson v. City of Louisville Metro*, No. 09-685, 2011 WL 1827484, at *1 (W.D. Ky. May 12, 2011) (dismissing case because party failed to comply with court's "order to certify completed discovery").
[27] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see also Callais*, 2018 WL 6517446, at *7 (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs*., No. 13-772, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First Am. Real Est. Info. Servs., Inc*., No. 04-1059, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").
[28] *Henderson v. Compdent of Tenn., Inc*., No. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue).

explain whether any responsive information or documents have been withheld.[29] The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[30] Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[31]

When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).[32] Objections interposed without also indicating whether any document or information is being withheld are improper.[33] Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[34]

Courts throughout the country have long interpreted the federal rules to prohibit general, boilerplate objections.[35] Boilerplate objections use standardized, ready-made or all-purpose

---

[29] *Lopez*, 327 F.R.D. at 580 (citation omitted).
[30] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (quoting *Reyes v. Red Gold, Inc.*, No. 05-191, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006)).
[31] *Chevron Midstream Pipelines v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 20, 2015) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted).
[32] *accord. Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).
[33] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).
[34] *Id*. (citation omitted) ("Objections that fail to provide an appropriate basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").
[35] *See, e.g.*, *id.* at *3 (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection").

language without regard to the particular discovery request.[36] General objections refer to objections that a party responding to discovery asserts as applicable to multiple individual requests set forth in a given set of discovery requests.[37] A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[38] Merely copying and pasting an objection by itself, however, does not render an objection a boilerplate objection.[39] Likewise, in some instances, general objections may serve as an efficient response whereby the court may consider and rule upon general objections raised against sets of interrogatories or requests for production.[40] To serve this purpose and to comply with the Federal Rules of Civil Procedure, however, the general objections must raise specific objections and correspond to specific discovery requests.[41] Where a general objection is connected both to the facts of the case and specific discovery requests, they are proper; when it is disconnected from either the facts or the discovery requests, the general objection is improper.[42]

---

[36] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (providing examples of boilerplate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case"). Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request. *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).
[37] *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 n.16 (3d Cir. 2009).
[38] *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds." (internal quotations omitted)).
[39] *Tim Long Plumbing*, 2020 WL 6559869, at *4.
[40] *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 304 (D. Kan. 1996) (citations omitted).
[41] *Dickey v. Apache Indus. Servs., Inc.*, No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests. But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").
[42] Likewise, the practice of responding to discovery requests with "subject to" and/or "without waiving" objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure. *Heller v. City of Dall.*, 303 F.R.D. 466, 486–87 (N.D. Tex. 2014) (citations omitted). Such an objection paired with a response "preserves nothing and serves only to waste the time and resources of both the Parties and the Court." *Id.* at 487 (citation omitted). To the extent any response or production is done "subject to" or "without waiving" objections other than privilege or work product, such objections are waived. *Id.* at 488.

### C. Rule 37's Meet and Confer Requirement

In connection with a discovery motion, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certification, specifying:

> (1) how the required conference was scheduled,
> (2) who participated in the conference,
> (3) the date and time of the conference,
> (4) whether the conference was conducted by phone or in person,
> (5) the duration of the conference,
> (6) the specific topics that were addressed at the conference, and
> (7) whether any issues were resolved by the parties, and, if so, the terms of the resolution.[43]

These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[44]

Plaintiff did not include a proper Rule 37 certification with regard to the issues raised in this motion. The failure to engage in a fulsome meet and confer prior to filing a discovery motion constitutes sufficient reason in itself to deny the motion.[45] Indeed, courts routinely deny discovery motions for failure to comply with Rule 37(a)(1).[46]

---

[43] *Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited July 21, 2022).
[44] *Id.*
[45] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (stating the Rule 37 certification is a prerequisite).
[46] *See, e.g.*, *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citing cases).

IV.    ANALYSIS

Rule 26(e) requires a party to supplement a discovery response in a timely manner if that party learns that in some material respect the response or disclosure is incomplete or incorrect. FED. R. CIV. P. 26(e)(1)(A). But a party's factual dispute or disagreement with the veracity of a discovery response is an issue of fact for trial, not the proper subject of a motion to compel.[47] Additionally, Plaintiff has failed to conduct a good faith Rule 37 conference, as required by Rule 37. A fulsome Rule 37 conference requires more than sending a letter outlining deficiencies and waiting three days to file a motion to compel. ECF No. 25-1 at 1. Offering to discuss the discovery dispute after the filing of a motion to compel does not cure that failure. ECF No. 25-1 at 1.

The failure to conduct a proper Rule 37 conference coupled with Plaintiff's failure to specify the particular discovery request at issue, response, and basis for objection to the response renders the court unable to resolve the motion to compel at this time. Although Defendant addresses some of the particular requests that it believes Plaintiff sought to address (Request for Admission Nos. 3 and 20-26, Request for Production No. 8, and Interrogatory Nos. 6 and 10), there is no indication that Plaintiff considered the relevance objection seeking terminations of improper comparators or post-termination documents. A fulsome Rule 37 discussion may resolve many of these issues. Accordingly, the motion to compel will be denied without prejudice.

---

[47] *See, e.g.*, *Duncan v. Nunez*, No. 17-1623, 2019 WL 5862016, at *5 (W.D. La. Nov. 7, 2019); *see also McNamara v. Wells Fargo & Co.*, No. 21-1245, 2023 WL 11955307, at *2 (S.D. Cal. May 10, 2023) (holding that a party's disagreement with the accuracy of verified interrogatory responses is not a basis to move to compel a "more accurate" response under Rule 37 (citing *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. No. 02-1146, 2007 WL 1306593, at *8 (D.N.M. Mar. 12, 2007) ("The Court concludes that [plaintiff] is merely challenging the factual accuracy of [defendant's interrogatory] response, and the Court will not resolve factual challenges in a motion to compel."); *Barnum v. Equifax Info. Servs., LLC*, No. 16-2866, 2018 WL 1245492, at *2 (D. Nev. Mar. 9, 2018) (denying motion to compel interrogatory responses where "Plaintiffs' counsel's skepticism as to [responses'] accuracy is not grounds to compel a further response."))); *Brown v. Mohr*, No. 13-0006, 2017 WL 2832631, at *3 (S.D. Ohio June 30, 2017) ("A motion to compel is not the proper way to argue about the factual accuracy of a party's response." (citing *Grant v. Target Corp.*, No. 10-823, 2013 WL 571845, *9 (S.D. Ohio Feb. 13, 2013)), *aff'd*, 2017 WL 10056799 (S.D. Ohio Nov. 6, 2017).

## V. CONCLUSION

Discovery is proper when it seeks information that relates to a pending claim or defense, and the discovery is proportional to the needs of the case. Discovery that is not relevant or proportional is improper and will not be allowed. Discovery should thus be directed to evidence that bears on any claim or defense and is proportional to the needs of the case.

Prior to filing a motion to compel, the parties mustengage in a proper Rule 37 conference. After engaging in proper Rule 37 conference, keeping in mind the discovery principles cited above, any unresolved issues may be raised in a new Motion to Compel. Any motion must properly identify each discovery request at issue, the response, the basis of the objection, and valid citation to cases in support of the motion. Simply challenging the factual accuracy of the other party's discovery responses, however, is a matter for resolution by the trier of fact, not the judge via a discovery motion.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Andrew Herr's Motion to Compel and For Sanctions (ECF No. 18) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff Andrew Herr's Motion to File Supplemental Rule 37 Certificate (ECF No. 25) is GRANTED.

New Orleans, Louisiana, this __11th__ day of August, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE