UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDREW HERR | * | CIVIL ACTION |
| VERSUS | * | NO. 25-387 |
| ELOS ENVIRONMENTAL, L.L.C., ET AL. | * | SECTION "T" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Andrew Herr's second Motion to Compel and for Sanctions. ECF Nos. 28. Defendants Elos Environmental, L.L.C. and Aventia Holdings, LLC filed a Memorandum in Opposition to the Motion to Compel, and Plaintiff filed a Reply Memorandum. ECF Nos. 28, 29. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's second Motion to Compel and for Sanctions is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff filed this *pro se* lawsuit alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and LA. REV. STAT. § 23:664. ECF Nos. 1, 15. After being hired as a geologist on January 6, 2025, Plaintiff alleges that Defendant Elos misclassified him, improperly recorded his hours, and terminated his employment on February 12, 2025, in retaliation for inquiring about FLSA violations. ECF No. 15 ¶¶ 1-4, ¶¶ 7-9.

Plaintiff issued discovery to Defendants on June 11, 2025. ECF No. 18-5. Defendants timely responded on July 11, 2025. ECF No. 23-1. Plaintiff then filed his first Motion to Compel and for Sanctions, requesting the Defendants be ordered to supplement their deficient responses

1

and be sanctioned pursuant to Rules 11, 26, and 37 of the Federal Rules of Civil Procedure and the court's inherent powers for fabricating evidence, acting in bad faith in discovery and for a "pattern of falsehoods, obstruction, and bad faith." ECF No. 18 at 1; No. 18-2 at 1, 10.  The Court denied without prejudice Plaintiff's motion because Plaintiff failed to specify the discovery requests at issue and the objectionable responses along with the basis for his objection to the response, failed to conduct a proper Rule 37 conference and improperly cited non-existent cases.  ECF No. 26 at 13-14.  The Court also noted that Plaintiff's challenge to the factual accuracy of another party's discovery responses is a matter for resolution by the trier of fact, not the judge via a discovery motion.  *Id.* at 14; *see* ECF No. 18-2 at 2-8.

Plaintiff has now filed this second Motion to Compel and for Sanctions, again requesting Defendants be ordered to "provide complete and truthful responses" to certain interrogatories and requests for admission ("RFA") and requesting sanctions for alleged false sworn statements in Defendants' response to Interrogatory No. 1.  ECF No. 27; *see* No. 27-1 at 3-6.  Plaintiff challenges the accuracy of Defendants' response to Interrogatories No. 1 and No. 7.  ECF No. 21-1.  Plaintiff also challenges Defendants' relevance objections to Interrogatory Nos. 6, 9, and 10 and Request for Admission Nos. 3, 24, and 25, asserting that the information is relevant to showing Defendants' reasons for discharge are pretextual.  *See id.* at 6-7, 11-15.

In Opposition, Defendants argue Plaintiff's disagreement with the accuracy of their responses is not a proper basis for a motion to compel and their objections are proper because the requests concern information about individuals not similarly situated and actions for which Elos does not have a policy.  ECF No. 28 at 4-7.  Defendants argue that their objections to Interrogatory No. 10 and RFA Nos. 24 and 25 are proper because the requests seek post-termination information concerning state unemployment benefits procedures, which occurred *after* Plaintiff's discharge.

*Id.* at 7-8. Defendants argue that Plaintiff's efforts to be at work is not relevant to their reasons or decision to discharge him, and there is no basis for sanctions. *Id.* at 8-9.

In his Reply, Plaintiff argues that he has provided "objective third-party documentary evidence" establishing the response to Interrogatory No. 1 is false, as well as evidence that establishes the response to Interrogatory No. 7 is incomplete. ECF No. 29 at 3, 5-6. As to Interrogatory No. 6, Plaintiff argues the "similarly situated" analysis is not applicable to FLSA retaliation cases and that he does not seek information regarding a formal progressive discipline policy but rather Defendants' actual practices of progressive discipline. *Id.* at 4. As to Interrogatory No. 9, Plaintiff argues he seeks the rationale for his discharge, not whether they complied with a policy. *Id.* at 6. As to Integratory No. 10 and RFA Nos. 24 and 25, Plaintiff argues that Defendants could have provided the reason for termination on the state separation notice form and therefore the failure to complete that form establishes pretext. *Id.* at 6-7, 8. As to Interrogatory No. 3, Plaintiff argues the admission would show that he was never "unable" to go to work. *Id.* at 8.

## II.     APPLICABLE LAW

### A.  Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes the parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably

cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).[1]

The relevancy evaluation necessarily begins with an examination of the pending claims and defenses.[2] The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[3] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial. Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[4] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[5] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[6] If relevance is in doubt, the court should be permissive in allowing discovery.[7]

Whether a party will ultimately prevail is not the test for determining if it is entitled to discovery because discovery motions cannot be used to obtain dispositive rulings depriving a party of discovery concerning a claim it seeks to present at trial.[8] Indeed, the court does not determine

---

[1] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[2] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).
[3] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[4] *Id.* at 590 n.5 (citation and quotations omitted).
[5] *Id*. 590 (citations omitted).
[6] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[7] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc*., 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).
[8] *Puradigm, LLC v. DBG Grp. Invs., LLC*, No. 23-216, 2023 WL 6883656, at *8 (N.D. Tex. Oct. 18, 2023) (citing *Cagle v. United Surgical Partners Int'l Inc*., No. 20-1681, 2021 WL 3710565, at *7 (N.D. Tex. Aug. 18, 2021)); *see also Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp., LLC*, No. 20-2814, 2021 WL 4319673, at *1

the merits of the case in the context of a discovery dispute. Rather, the issue in context of a discovery dispute is whether the evidence sought falls within the scope of discovery (i.e., is relevant to any claim or defense), not whether one party's legal position prevails over another; that is a merits issue determined in the context of trial or dispositive motion.[9]

### B. Duties in Responding to Interrogatory Responses

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[10] For objections, the party must state how the objection "relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence."[11] Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[12]

Discovery by interrogatory "requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is

---

(N.D. Tex. Sept. 23, 2021) (noting that a party is not be excused from responding to discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail at trial).
[9] *See Chevron TCI, Inc. v. Cap. House Hotel Manager, LLC*, No. 18-776, 2019 WL 5697176, at *8 (M.D. La. Nov. 4, 2019).
[10] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[11] *Cheshire v. Air Methods Corp.*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (internal quotations and citations omitted).
[12] *Chevron Midstream Pipelines LLC v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 20, 2015) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond." (citation omitted)).

5

not candid. It is evasive."[13] The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[14] Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[15]

Rule 33 requires a party to pull together complete answers by "reviewing all sources of responsive information reasonably available to [it] and providing the responsive, relevant facts reasonably available."[16] Thus, while a party is not required to make an extensive investigation in responding to an interrogatory, the party must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[17]

Interrogatories must be answered separately, in writing and under oath. FED. R. CIV. P. 33(b)(3). Verified interrogatory responses have evidentiary value. *Id.* at 33(c). "[I]nterrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay (FED. R. EVID. 801(d)(2)), than an answer to an interrogatory."[18] Interrogatory responses that are not signed under oath as required are not admissible as evidence to establish lying under oath (or for any other purpose).[19]

---

[13] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977).
[14] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).
[15] *Id.* (quoting *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2177 (3d ed. 2010))).
[16] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018) (citation omitted).
[17] *Areizaga*, 314 F.R.D. at 437 (citing 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013)).
[18] *Melius v. Nat'l Indian Gaming Comm'n*, No. 98–2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000); *accord. Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008).
[19] *Wagner v. Boh Bros. Constr. Co.*, No. 11-2030, 2012 WL 3637392, at *4 (E.D. La. Aug. 22, 2012) (collecting cases).

C. **Requests for Admission**

Requests for admission are not principally discovery devices and are not a substitute for the discovery process used to uncover evidence.[20] "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."[21] Requests for admission allow litigants to winnow down issues before trial and focus their energy and resources on disputed matters.[22] Although Rule 36 requests for admission differ procedurally from interrogatories, the standards for discoverability of the information sought (e.g., relevance and proportionality) remain the same.

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either. FED. R. CIV. P. 36(a)(1)(A). The Fifth Circuit has explained that Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.[23] Requests for admission are properly used for facts or facts as applied to law, but not for pure legal conclusions.[24] A legal-related request for admission must connect the relevant legal proposition to specific facts and circumstances of the case.[25]

Rule 36 instructs litigants how to answer and object to requests for admission:

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly

---

[20] *In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at *2 (E.D. La. June 27, 2007) (citations omitted).
[21] *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).
[22] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (quoting *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)).
[23] *In re Carney*, 258 F.3d at 419 (citations omitted).
[24] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (quoting *Warnecke v. Scott*, 79 F. App'x 5, 6 (5th Cir. 2003) (citing *In re Carney*, 258 F.3d at 418; 8A WRIGHT, MILLER & CANE, FEDERAL PRACTICE AND PROCEDURE § 2255 & n.8 (2003) (collecting cases)).
[25] *See* FED. R. CIV. P. 36(a) advisory committee's notes to 1970 amendment ("The amended provision does not authorize requests for admissions of law unrelated to the facts of the case."); *see also Thompson v. Beasley*, 309 F.R.D. 236, 241 (N.D. Miss. 2015).

7

> respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

FED. R. CIV. P. 36(a)(4)-(5).

Rule 37 does not provide for a motion to compel answers to Rule 36 nor does it contemplate a motion to deem requests admitted.[26] Instead, the requesting party may file a motion to determine the sufficiency of an answer or objection to its requests for admission. FED. R. CIV. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served, and if the court finds that an answer is noncompliant with the Federal Rules, it may order that the matter is admitted or direct the party to serve an amended answer. *Id.*

### D. FLSA Retaliation

The FLSA "sets forth employment rules concerning minimum wages, maximum hours, and overtime pay."[27] "An employee asserting retaliation under the FLSA may proceed in one of two ways: by direct or circumstance evidence."[28] "[C]ourts evaluate FLSA retaliation claims relying on circumstantial evidence under the evidentiary framework of [*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)]."[29] Under this framework, a plaintiff must make a prima facie showing of: "(1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action."[30] If the plaintiff does,

---

[26] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 416 (N.D. Tex. 2021).
[27] *Kasten v. Saint-Gobain Performance Plastics Corp*, 563 U.S. 1, 4 (2011).
[28] *White v. Denton Cnty.*, 655 F. App'x 1021, 1024 (5th Cir. 2016) (quoting *Monroe Firefighters Ass'n v. City of Monroe*, No. 06-1092, 2009 WL 772829, at *3 (W.D. La. Mar. 17, 2009)).
[29] *Starnes v. Wallace*, 849 F.3d 627, 631 (5th Cir. 2017) (citing *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008)).
[30] *Id.* at 631-32 (citing *Hagan*, 529 F.3d at 624).

the burden then shifts to the defendant to articulate a legitimate, nonretaliatory reason for the adverse action, and if the defendant does so, the burden then shifts back to the plaintiff to identify evidence from which a jury could conclude that defendant's proffered reason is a pretext for retaliation.[31]

"A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence."[32] "An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action."[33] The pretextual inquiry is not concerned with whether the action was erroneous but whether it was made with a retaliatory motive.[34]

## III.  ANALYSIS

Given Plaintiff's *pro se* status, and because Rule 36 does not contemplate a motion to compel answers, his motion will be liberally construed as both a motion to compel responses to the interrogatories and a motion to determine the sufficiency of the answers and denials to the requests for admission.[35]

### A.  Interrogatory No. 1

Interrogatory No. 1 and Defendants' response, in pertinent part, state:

INTERROGATORY NO. 1:
State with specificity each and every reason for Andrew Herr's termination, including the factual basis, date of occurrence, and individuals involved in assessing or determining each reason.

RESPONSE TO INTERROGATORY NO. 1:
Defendants will provide the principal and material factual bases for Plaintiff's discharge. Plaintiff was discharged for unacceptable attendance, tardiness,

---

[31] *Id.* (citing *Hagan*, 529 F.3d at 624).
[32] *White*, 655 F. App'x at 1024-25 (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2016)).
[33] *Id.* at 1025 (quoting *Laxton*, 333 F.3d at 578).
[34] *Id.* (citing *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995)).
[35] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

9

> violating company policies, and unacceptable work quality and performance. Examples of these include:
>
> On January 15, 2025, Plaintiff was scheduled to meet two co-workers in the parking lot of Lakeside Shopping Center to go to a client's site. He did not meet them. Other employees had to contact Plaintiff to determine his whereabouts. Ultimately, Plaintiff went to the client's worksite more than an hour after he was scheduled to be there. Plaintiff was also responsible for bringing paperwork necessary to conduct the activities at the client's site. He failed to bring the materials. While at the client's site, Plaintiff made disparaging comments about third party employees.

ECF No. 23-1 at 8-9. Plaintiff asserts there are four fabrications in this response: (1) "He did not meet them"; (2) "Other employees had to contact Plaintiff to determine his whereabouts"; (3) "Plaintiff went to the client's worksite more than an hour after he was scheduled to be there"; and (4) "Plaintiff made disparaging comments about third party employees." ECF No. 27-1 at 2.

As to (1), (2), and (3), Plaintiff argues he met the co-workers at the Starbucks located in the Lakeside Shopping Center at approximately 8:30 a.m. and carpooled with them to the worksite, attaching screenshots of his Google Maps searches to corroborate his assertion and a screenshot of his call log with one of the co-workers to show employees "other" than the co-workers did not contact him. *Id.*; *see* ECF No. 27-5; No. 27-6. Plaintiff's screenshots, however, do not conclusively establish that Defendants' assertions are fabrications because the screenshots do not establish Plaintiff's presence at the specified location on the date and time; rather, they only establish that Plaintiff searched for those locations. Likewise, the call log screenshot showing contact with one employee does not establish that other employees did not attempt to contact Plaintiff.

As to (4), Plaintiff argues he made no comments about third party employees at the worksite, and he provides his February, 13, 2025, letter to a human resources representative of Defendants indicating other co-workers made the comments and his partner's sworn declaration attesting to same based on what Plaintiff told her. ECF Nos. 27-1 at 2-3; No. 27-7 at 5; No. 27-8.

10

Again, Plaintiff's exhibits do not conclusively establish (4) is a fabrication. They only provide his version of events, directly and indirectly, of who made the comments, and regardless, the exhibits do not establish he did not make comments at the worksite. At bottom, Plaintiff challenges the accuracy of Defendants' response to Interrogatory No. 1, and as previously noted, "a party's factual dispute or disagreement with the veracity of a discovery response is an issue of fact for trial, not the proper subject of a motion to compel."[36] Therefore, as to Interrogatory No. 1, Plaintiff's Motion to Compel is DENIED and his request for sanctions is DENIED.

### B. Interrogatory No. 6

Interrogatory No. 6 and Defendants' response state:

INTERROGATORY NO. 6:
State the number of times in the past three years ELOS or Aventia has terminated a salaried, exempt employee without issuing any prior written or oral warning.

RESPONSE TO INTERROGATORY NO. 6:
Defendants object to Interrogatory No. 6 on the grounds the information it seeks is not relevant because it is not limited to the treatment of similarly situated employees. The treatment of other employees is only relevant if the employee is similarly situated to the plaintiff. *Krystek v. Univ. of S. Mississippi*, 164 F.3d 251, 257 (5th Cir. 1999). Simply being a salaried exempt employee without regard to the employee's duties, supervisor, length of employment, nature of reasons for discharge, or other comparable factor is insufficient to establish the treatment of such employee is relevant. Further, ELOS does not maintain a progressive discipline policy and makes no representation to employees that it will use progressive discipline in its decisions.

---

[36] ECF No. 26 at 13 (citing *Duncan v. Nunez*, No. 17-1623, 2019 WL 5862016, at *5 (W.D. La. Nov. 7, 2019); *McNamara v. Wells Fargo & Co.*, No. 21-1245, 2023 WL 11955307, at *2 (S.D. Cal. May 10, 2023) (holding that a party's disagreement with the accuracy of verified interrogatory responses is not a basis to move to compel a "more accurate" response under Rule 37 (citing *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. No. 02-1146, 2007 WL 1306593, at *8 (D.N.M. Mar. 12, 2007) ("The Court concludes that [plaintiff] is merely challenging the factual accuracy of [defendant's interrogatory] response, and the Court will not resolve factual challenges in a motion to compel."); *Barnum v. Equifax Info. Servs., LLC*, No. 16-2866, 2018 WL 1245492, at *2 (D. Nev. Mar. 9, 2018) (denying motion to compel interrogatory responses where "Plaintiffs' counsel's skepticism as to [responses'] accuracy is not grounds to compel a further response."))); *Brown v. Mohr*, No. 13-0006, 2017 WL 2832631, at *3 (S.D. Ohio June 30, 2017) ("A motion to compel is not the proper way to argue about the factual accuracy of a party's response." (citing *Grant v. Target Corp.*, No. 10-823, 2013 WL 571845, *9 (S.D. Ohio Feb. 13, 2013)), *aff'd*, 2017 WL 10056799 (S.D. Ohio Nov. 6, 2017)).

ECF No. 23-1 at 12. Plaintiff argues the "similarly situated" analysis is not applicable at the discovery stage nor in FLSA retaliation cases in general. ECF No. 27-1 at 7. He seeks the information to determine Defendants' "pattern of behavior and usual practices when terminating salaried professionals." *Id.*

FLSA retaliation cases require appropriate comparator evidence (i.e., evidence involving similarly situated employees).[37] This standard thus guides the relevance determination at the discovery stage.[38] The similarly situated analysis "is intended to ensure that the challenge action was 'taken under nearly identical circumstances.'"[39] Such circumstances exists when "the employees being compared held the same job or responsibilities, share the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories."[40] Again, those circumstances only need be *nearly* identical.[41] It is "sufficient that the ultimate decisionmaker as to employee's continued employment is the same individual, even if the employees do not share an immediate supervisor."[42]

Defendants' relevance objection to dissimilar employee terminations is sustained. However, Defendants must respond by providing the names of any similarly situated employees (i.e., an exempt employee over whom Brittany Berthelot exercised authority and whom was terminated during the initial 90-day employment period for unacceptable attendance, tardiness, violating company policies, and/or unacceptable work quality and performance). Accordingly, as

---

[37] *See White*, 655 F. App'x at 1025-26 (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)); *Stuntz v. Lion Elastomers, L.L.C.*, 826 F. App'x 391, 404 (5th Cir. 2020) (citing *Lee*, 574 F.3d at 259-60).
[38] *See, e.g., Leal v. Wal-Mart Stores, Inc.*, No. 15-5768, 2017 WL 305607, at *2 (E.D. La. Jan. 23, 2017) (addressing motion to compel discovery responses); *Jordan v. Downtown Dev. Dist.*, No. 21-1323, 2023 WL 9423241, at *3 (E.D. La. Sept. 11, 2023) (same); *Aucoin-Melohn v. St. Chales Par. Sch. Bd.*, No. 24-1676, 2025 WL 1795044, at *2 (E.D. La. June 26, 2025) (same).
[39] *Morris v. Town of Independence*, 827 F.3d 396, 401 (5th Cir. 2016) (quoting *Lee*, 574 F.3d at 260).
[40] *Id.* (quoting *Lee*, 574 F.3d at 260).
[41] *Id.* (quoting *Lee*, 574 F.3d at 260).
[42] *Lee*, 574 F.3d at 260-61.

to Interrogatory No. 7, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART.

### C. Interrogatory No. 7

Interrogatory No. 7 and Defendants' response state:

INTERROGATORY NO. 7:
Identify all persons with knowledge of Andrew Herr's allegations of payroll misclassification or labor law violations prior to his termination.

RESPONSE TO INTERROGATORY NO. 7:
Defendants object to Interrogatory No. 7 to the extent it suggests Plaintiff was improperly classified as exempt under the FLSA. Defendant further objects on the grounds that the term "labor law" is too general a term and as such makes the Interrogatory ambiguous. Further, Defendants are only aware of two references by Plaintiff to his classification as exempt, the January 27 and 28, 2025 emails from Plaintiff to Ryan Hollis. Defendants specifically limits this answer to pre-termination communications, not post-termination communications as knowledge of the post-termination legal demand is irrelevant.

Presuming that Interrogatory No. 7 is referring specifically to who was aware of Plaintiff's January 27 and 28, 2025 emails, Ryan Hollis and Betsy LeVeque.

ECF No. 23-1 at 12-13. Plaintiff argues this response fails to include Stehle Harris, who Plaintiff contends initiated a discussion about Plaintiff's concerns of payroll classification and labor law violations on February 6, 2025. ECF No. 27-1 at 9; *see also* ECF No. 29 at 5. He provides an undated email from him to Ryan Hollis that is part of an email chain with the subject line "Clarification on Employment Classification" and that states, "Following up on this, Stehle said ok and just to talk to you about it." ECF No. 27-9. He also provides text messages with his partner that suggest Plaintiff discussed with someone about increasing his work hours. ECF No. 27-10.

Neither the email nor the text messages establish that Defendants' response is incomplete. Plaintiff again challenges the accuracy of Defendants' response based on exhibits that only reflect Plaintiff's version of events. Accordingly, as to Interrogatory No. 7, Plaintiff's Motion to Compel is DENIED.

### D. Interrogatory No. 9

Interrogatory No. 9 and Defendants' response state:

INTERROGATORY NO. 9:
Explain the rationale for terminating the Plaintiff without any progressive discipline.

RESPONSE TO INTERROGATORY NO. 9:
Defendants object to Interrogatory No. 9 on the grounds that the information it seeks is irrelevant as ELOS maintained no progressive discipline policy and made no representations that it would use progressive discipline.

ECF No. 23-1 at 13. Defendants' objection does not specifically relate to Interrogatory No. 9; they rather treat the interrogatory as asking for the rationale for terminating Plaintiff's employment in noncompliance with a progressive discipline policy that the parties agree Defendants do not possess. *See* ECF No. 29 at 6  The absence of a formal progressive discipline policy does not mean the employer does not use progressive discipline.[43] Defendants' relevance objection is overruled. However, the information Plaintiff seeks (the "rationale . . . used in making the decision" to terminate his employment)[44] is available in Defendants' response to Interrogatory No. 1. *See* ECF No. 23-1 at 9-10. The information sought then would be duplicative of what has already been provided, thus, as to Interrogatory No. 9, Plaintiff's Motion to Compel is DENIED.

### E. Interrogatory No. 10 & Requests for Admission Nos. 24 and 25

Interrogatory No. 10, RFA Nos. 24 and 25, and Defendants' responses state:

INTERROGATORY NO. 10:
Explain why ELOS did not submit Form LWC-77 to the Louisiana Workforce Commission, or provide a separation notice to Andrew Herr, as required under state law.

---

[43] *See Yanez v. Walgreen Co.*, No. 21-73, 2022 WL 1409983, at *11 (W.D. Tex. May 4, 2022) (citing *Goudeau v. Nat'l Oilwell Varco, L.P.* 793 F.3d 470, 477 (5th Cir. 2015); *Stroup v. United Airlines, Inc.*, 26 F.4th 1147, 1159 (10th Cir. 2022) (recognizing possible de facto policy of progressive discipline); *Cristian v. Hunter Bldgs. & Mfg., L.P.*, 908 F.3d 962, 964 (5th Cir. 2018)).
[44] ECF No. 29 at 6.

>   RESPONSE TO INTERROGATORY NO. 10:
>   Defendants object to Interrogatory No. 10 on the grounds the information it seeks is irrelevant. Whether and why an employer does or does not submit information to the Louisiana Department of Employment Security after an employee's discharge proves nothing about the issue of an employer's motive in discharging an employee.
>
>   REQUEST FOR ADMISSION NO. 24:
>   Admit that ELOS Environmental failed to complete form LWC-77 as required by state law.
>
>   RESPONSE TO REQUEST FOR ADMISSION NO. 24:
>   Defendants object to Request for Admission No. 24 on the grounds it is irrelevant.
>
>   REQUEST FOR ADMISSION NO. 25:
>   Admit that ELOS Environmental failed to participate in the Louisiana Workforce Commission's fact-finding investigation.
>
>   RESPONSE TO REQUEST FOR ADMISSION NO. 25:
>   Defendants object to Request for Admission No. 25 on the grounds it is irrelevant.

ECF No. 23-1 at 5-6, 13. These requests concern the LWC-77 form and Defendants' participation in state unemployment benefit procedures. Plaintiff argues the Defendants are required to submit the form and that it requires an explanation of the cause(s) for a termination. ECF No. 29 at 6-7. Plaintiff argues Defendants' alleged failure to submit and participate is probative to whether the reasons for his discharge were pretextual. *See id.* at 6-7, 9; ECF No. 27-1 at 12, 15. Defendants argues "post-decision compliance" with the unemployment benefits program is not evidence of motive or pretext. ECF No. 28 at 8.

Defendants' relevance objections are sustained. Plaintiff cites to *Jeffries v. Barr*, 965 F.3d 843 (D.C. Cir. 2020) to argue a method of establishing a pretext is by showing "deviation from established procedures or criteria." ECF No. 27-1 at 13. But that case concerns deviations from the Department of Justice's *own* "standard practices,"[45] not state law. Plaintiff has not provided, nor has the Court found, any authority where an employer's failure to specify the reason for

---

[45] *Jeffries*, 965 F.3d at 858.

15

termination on the LWC Form-77 was relevant to pretext under *McDonnell Douglas*. While an employer's proffered reason for termination may be "suspect" when the reason is not consistent with a stated reason submitted elsewhere,[46] the employer's reason for termination cannot be found to be suspect based simply on its failure to submit documents as same presents no inconsistency. Accordingly, as to Interrogatory No. 10 and RFA Nos. 24 and 25, Plaintiff's Motion to Compel and Motion to Determine the Sufficiency of Defendants' responses are DENIED.

### F. Request for Admission No. 3

RFA No. 3 and Defendants' response state:

REQUEST FOR ADMISSION NO. 3:
Admit that in Plaintiff's communications with Stehle Harris on January 27, 2025, Plaintiff offered to use leave or to rent a car in order to be physically present at work as alternatives.

RESPONSE TO REQUEST FOR ADMISSION NO. 3:
Defendants object to Request for Admission No. 3 on the grounds it is irrelevant.

ECF No. 23-1 at 2. Elaborating on their objection, Defendants argue that "[w]hat [Plaintiff] did or did not offer to do when he was unable to come to work because of car trouble is not evidence of Defendant's reasons or intent in discharging him." ECF No. 28 at 8. Plaintiff argues that Defendants admission is relevant to show that he was "never 'unable'" to go to work, thus claiming his termination based in part on absences is unjustified. *See* ECF No. 27-1 at 14; No. 29 at 8.

Defendants' objection is sustained. Again, the pretextual inquiry is not concerned with whether the employer's action or decision was erroneous; rather, it focuses on whether the employer acted with a retaliatory motive. Plaintiff's RFA No. 3 appears to be aimed at establishing only that one of Defendants' reasons for termination was erroneous or, at the very least, Plaintiff

---

[46] *See Bennett v. Consol. Gravity Drainage Dist. No. 1*, 648 F. App'x 425, 430 (5th Cir. 2016) (quoting *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 238 (5th Cir. 2015) (quoting *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 415 (5th Cir. 2007))).

disagreed with Defendants' assessment of Plaintiff's ability to get to work. Accordingly, as to RFA No. 3, Plaintiff's Motion to Determine the Sufficiency of Defendants' responses is DENIED.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Andrew Herr's second Motion to Compel and for Sanctions. (ECF No. 28) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Defendants provide a supplemental response to Interrogatory No. 6, as modified herein to limit same to similarly situated employees during the preceding 3 years, by Monday, September 29, 2025.

IT IS FURTHER ORDERED that Defendants' request for attorney's fees is DENIED.

New Orleans, Louisiana, this __15th__ day of September, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE