UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDREW HERR | * | CIVIL ACTION |
| VERSUS | * | NO. 25-387 |
| ELOS ENVIRONMENTAL, L.L.C., ET AL. | * | SECTION "T" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff Andrew Herr's Motion to Reconsider my September 15, 2025, Order granting in part and denying in part his Motion to Compel. ECF Nos. 30, 31. Having considered the record, the submission and arguments, and the applicable law, Plaintiff's Motion to Reconsider is DENIED for the reasons stated herein.

### I.    BACKGROUND

Plaintiff filed this *pro se* lawsuit alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and LA. REV. STAT. § 23:664 against his employer after it terminated his employment approximately six weeks after hiring him. ECF No. 15 ¶¶ 1-4, ¶¶ 7-9.

Plaintiff issued discovery on June 11, 2025, and Defendants timely responded. ECF No. 18-5; No. 23-1. Plaintiff filed his first Motion to Compel and for Sanctions, which I denied without prejudice after Plaintiff failed to hold a proper Rule 37 conference and improperly cited non-existent cases. ECF No. 26 at 13-14. In that ruling, I noted that Plaintiff's challenge to the factual accuracy of Defendants' responses is a matter for resolution by the trier of fact, not the judge via a discovery motion. *Id.* at 14; *see* ECF No. 18-2 at 2-8.

Plaintiff filed a second Motion to Compel and for Sanctions, again requesting Defendants be ordered to "provide complete and truthful responses" to certain interrogatories and requests for

admission and requesting sanctions for alleged false sworn statements.  ECF No. 27.[1]  The Court

denied the motion as to Interrogatory No. 1 and No. 7, finding that Plaintiff's contrary evidence

failed to conclusively establish that Defendants' assertions were false; rather, the evidence

reflected a contrary factual assertions that established a dispute for resolution by the trier of fact,

not the court on discovery motion.  ECF No. 30 at 9-11, 13.  The Court also denied the motion as

to Interrogatory No. 9 because the information was duplicative of No. 1 and denied the motion as

to Interrogatory No. 10 and Request for Admission Nos. 3, 25 and 26 based on relevance.  *Id.* at

14-17.  The Court granted in part the motion as to Interrogatory No. 6, ordering Defendants to

provide names of similarly situated employees but sustained Defendants' objection as to any

employee who was not similarly situated.  *Id.* at 11-13.

Plaintiff now asks for reconsideration, arguing that his location data proves Defendants'

responses were false and not simply disputed and that the order applied new objections and

improperly shifted the burden to Plaintiff and reiterating his prior arguments regarding statistical

information and pretext.  ECF No. 31.

## II.    <u>STANDARD FOR RECONSIDERATION</u>

Although the Federal Rules of Civil Procedure do not provide specifically for motions to

reconsider a court's order,[2] the Fifth Circuit has consistently recognized that parties may seek

reconsideration under Rules 54(b), 59(e), or 60(b).[3]  Because an order that adjudicates fewer than

all the claims among the parties "may be revised at any time" before the entry of a final judgment

---

[1] Specifically, Plaintiff challenged the accuracy of the responses to Interrogatory No. 1 and No. 7 and the objections to Interrogatory Nos. 6, 9, and 10 and Request for Admission Nos. 3, 24, and 25.  ECF No. 21-1 at 6-7, 11-15.
[2] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006).
[3] *Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 398, 402 (E.D. La. 2022) (Vance, J.) (citing *Reyes v. Julia Place Condo. Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 4272493, at *2 (E.D. La. Aug. 15, 2016) (Barbier, J.) (citing cases)).

pursuant to Rule 54(b), a court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[4]

Though Rule 54(b) empowers the court with "broad discretion" in addressing a motion for reconsideration, "reconsideration 'is not provided indiscriminately whenever some party may wish it,' as judges 'must protect themselves and the other parties against the delay and burdens that could be imposed by yielding to simple disappointment or a deliberate desire to inflict delay and burden.'"[5]  Further, a motion to reconsider "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]."[6]

Courts addressing motions to reconsider under Rule 54(b) look to similar considerations as those used when evaluating a Rule 59(e) motion:[7]  (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.[8]

## III.  <u>ANALYSIS</u>

Initially, Plaintiff's objection based on the Court's finding that his Interrogatory No. 9 was duplicative of Interrogatory No. 1 is unfounded.  Even in the absence of any objection, the Court has an independent obligation to limit duplicative or cumulative discovery.[9]

---

[4] *Id.* (quoting Fed. R. Civ. P. 54(b); *Melancon v. Texaco*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981)); *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citations omitted).

[5] *Koeppel*, 608 F. Supp. 3d at 402 (quoting 18B Wright & Miller's, Federal Practice and Procedure § 4478.1 (3d ed. 2021); and citing *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993)).

[6] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

[7] *Koeppel*, 608 F. Supp. 3d at 403 (quoting *Edwards v. Take Fo' Records, Inc.*, No. 19-12130, 2020 WL 3832606, at *11 & n.12 (E.D. La. July 8, 2020)); *accord. Antoine's Rest., LLC v. Certain Underwriters at Lloyd's London,* No. 23-229, 2023 WL 3751509, at *2 (E.D. La. June 1, 2023) (Vitter, J.) (citing *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc*., 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (Brown, J.) (internal citation omitted)).

[8] *Antoine's Rest.*, 2023 WL 3751509, at *2 (citing cases).

[9] *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

As previously explained, contrary to Plaintiff's assertion, his evidence does not establish any fraud on the Court where Defendants admittedly provided a false response nor does his evidence indisputably demonstrates its falsity. Rather, Plaintiff's evidence merely raises questions about the issue. When contradictions in evidence do not rise to the level of fraud, they are properly characterized as disputed issues of fact to be resolved by a trier of fact at trial, to the extent, if any, that they are material to any claims or defenses.

> Plaintiff's mere disagreement with Defendant's responses to his discovery requests provides no basis for the imposition of sanctions against Defendant. That there exist factual disputes between parties is at the heart of most litigation, and a party is not entitled to sanctions simply because that party believes his position is righteous while the other party is lying. Plaintiff may point out the absence of documentary evidence, inconsistencies in testimony, etc. at the appropriate juncture in these proceedings, but during discovery, Plaintiff's mere disagreement with the substance of Defendant's responses provides no basis for sanctions.[10]

Again, the Court cannot compel Defendants to provide specific responses, even if the provided responses ultimately prove to be untrue. To the extent Defendants maintain that their responses are true and complete, they satisfy their obligations under the Federal Rules by certifying that their responses are complete and providing a brief explanation rebutting Plaintiff's evidence showing that their responses appear to be incomplete. If Plaintiff maintains that the responses are incomplete or untrue, his remedy will be to impeach Defendants at trial and seek sanctions. But further discovery motions are not likely to be successful.[11]

---

[10] *AECOM Energy & Constr., Inc. v. Ripley*, No. 17-5398, 2018 WL 4762782, at *5 (C.D. Cal. Sept. 7, 2018) (quoting *Davis v. Villagrana*, No. 09-1897, 2013 WL 1003590, at *4 (E.D. Cal. Mar. 13, 2013); and citing *United States v. Redburn*, No. 96-937, 2007 WL 4192008, at *1 (D. Minn. Nov. 21, 2007) (declining to find defendant in contempt of discovery order based on alleged untruthfulness of discovery responses); *Lal v. Felker*, No. 07-2060, 2015 WL 7736874, at *2 (E.D. Cal. Dec. 1, 2015) ("Whether or not the response is truthful is a matter to be resolved at trial, not in a motion to compel.")).

[11] *TIW Holdings LLC v. Evo Brands LLC*, No. 23-05, 2024 WL 2107379, at *5 (C.D. Cal. May 6, 2024) (citing *AECOM Energy & Constr,*, 2018 WL 4762782, at *5 (collecting cases, declining to find a party in contempt because the purported contradictions the plaintiff identified in an interrogatory did "not yet rise to the level of fraud on the court and [were] more properly characterized as disputed issues of fact to be resolved by a trier of fact at trial"); *Lal*, 2015 WL 7736874, at *2 ("Whether or not the response is truthful is a matter to be resolved at trial, not in a motion to compel.")).

Similarly, as to pretext and contrary to Plaintiff's assertion, the undersigned did not provide an incomplete statement of the governing standard.[12] Indeed, this Court wrote: "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence."[13] As previously explained, Plaintiff's efforts to find out why Elos did not file a LWC-77 form does not make the existence of any fact more or less likely. Had Elos filed that form, Plaintiff would be entitled to its explanation for his termination and, if inconsistent, to assert pretext. But the absence of any information does not make any issue more or less likely. As such, the information as to why Elos failed to file an LWC-77 form is not relevant to any claim or defense in this case, and thus, not within the scope of Rule 26.

Finally, Plaintiff objects to the Court's ruling on his motion as to Interrogatory No. 6.[14] Contrary to his assertion, the Court granted in part that request and did order defendant to provide statistical information for any similarly situated employees. The Court did not, however, agree that Plaintiff's request had any relevance to the extent he sought to include employees who were not similarly situated in the statistical analysis.

IV.    **CONCLUSION**

Plaintiff has not established that reconsideration is justified. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Reconsider (ECF No. 31) is DENIED.

New Orleans, Louisiana, this _____29th_____ day of September, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[12] ECF No. 31 at 4.
[13] ECF No. 30 at 9 (citing *White v. Denton Cnty.*, 655 F. App'x 1021, 1024-25 (5th Cir. 2016) (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2016))).
[14] ECF No. 31 at 2-3.